UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff,                             )<br>                                                    )<br>     vs.                                            )<br>                                                    )<br> RATHBONE RETIREMENT             )<br> COMMUNITY, INC., CHARLES      )<br> LUDWYCK, JANET LUDWYCK and )<br> NORMA HELM,                              )<br>            Defendants.                         ) | 3:08-cv-174-RLY-WGH |

**ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

On November 7, 2008, the United States ("Plaintiff"), acting on behalf of Jasper Spellazza ("Mr. Spellazza") and Dennis Underhill ("Mr. Underhill"), filed a Complaint against the Defendants, Rathbone Retirement Community, Inc. ("RRCI"), Charles Ludwyck ("Mr. Ludwyck"), Janet Ludwyck ("Mrs. Ludwyck"), and Norma Helm ("Mrs. Helm") (collectively "Defendants"), under Title VIII of the Civil Rights Act of 1968 ("FHA"), as amended by the Fair Housing Amendment Act of 1988, 42 U.S.C. 3601 et seq. Mr. and Mrs. Ludwyck (the "Ludwyck Defendants") now move for judgment on the pleadings. For the reasons set forth below, the court finds that the Ludwyck Defendants' Motion for Judgment on the Pleadings must be **GRANTED**.

**I.     Factual Background**

In its Complaint, the United States alleges that the Defendants engaged in a pattern

1

or practice of discrimination on the basis of disability in violation of the FHA by adopting and enforcing a policy of restricting the use of motorized wheelchairs and scooters at the Rathbone Retirement Community (the "Rathbone")[1] (Docket # 1 ("Complaint") ¶ 48). The Rathbone is a two-story multi-family independent and assisted living facility for persons fifty-five years of age or older located at 1320 Southeast Second Street, Evansville, Indiana, 47713.  (*Id.* ¶¶ 4, 8).  According to the Complaint, RRCI, an Indiana for-profit corporation, operates the Rathbone facility and Ms. Helm functions as the Rathbone's Administrator, managing its daily operations.  (*Id.* ¶¶ 4, 7).  Mr. Ludwyck acts as RRCI's President.  (*Id.* ¶ 6).  Mrs. Ludwyck serves as RRCI's Secretary and, at all times relevant to the Complaint, co-owned the Rathbone with her husband, Mr. Ludwyck. (*Id.* ¶ 5).

This action was filed by the United States on behalf of Mr. Spellazza and Mr. Underhill, both former residents of the Rathbone.  While both residents qualified as "ambulatory" for the duration of their residence at the facility,[2] each used a motorized wheelchair and/or motorized scooter to navigate about the facility. (*Id.* ¶¶ 16, 18, 21-22).

---

[1] The Rathbone is not a party to this action.  According to the Complaint, the Rathbone refers only to the facility in which Mr. Spellazza and Mr. Underhill resided, and is distinguished from the corporate Defendant, RRCI.

[2] The Rathbone and/or RRCI requires all applicants for residency to "[b]e of high moral character, 55 years of age or older, ambulatory, mentally alert and in good health." (*Complaint* ¶ 11).  The facility administrator, Ms. Helm, defined ambulatory as being "capable of  moving from place to place," allowing for individuals to qualify for admission to the facility "even if the person required some form of assistance in moving about, be it a cane, walker, or electric or nonelectric wheelchair." (*Id.*).

On or about July 1, 2007, Mr. Spellazza and Mr. Underhill received a written notice prepared and distributed by Ms. Helm prohibiting the use of motorized wheelchairs and scooters in all residents' apartments and in the Rathbone's common dining room during meals. (*Id.* ¶¶ 22-24).  In accordance with the new policy prohibiting the use of assistive devices, Mr. Spellazza and Mr. Underhill were forced to vacate the Rathbone. (*Id.* ¶¶ 31, 33-34).  Subsequently, both former residents filed a complaint with the United States Department of Housing and Urban Development pursuant to the FHA, alleging discrimination on the basis of disability.

## II.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(c) authorizes a judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial."  FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).  The court looks to the content of the pleadings, holding the facts alleged in the complaint to be true, and draws all reasonable inferences in favor of the plaintiff, the nonmoving party.  *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).  While a complaint need only contain a "short plain statement of the claim," FED. R. CIV. P. 8(a)(2), it must also "give the defendant fair notice of what the . . . claim is and grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (U.S. 1957).  In other words, it must contain sufficient factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombley*, U.S., 127 S.Ct.

1955, 1965 (2007); *see also Jennings v. Auto Meter Prods., Inc*., 495 F.3d 466, 472 (7th Cir. 2007).

### III. Discussion

On March 6, 2009, the Ludwyck Defendants filed a Motion for Judgment on the Pleadings on grounds that the Complaint fails to state a claim upon which relief can be granted. The Ludwyck Defendants contend that the Complaint lacks the requisite elements necessary to demonstrate an agency relationship under traditional vicarious liability rules as extended to the FHA by the Supreme Court. *Meyer v. Holley*, 537 U.S. 280, 285 (U.S. 2003) ("[I]t is well established that the Act provides for vicarious liability."). Traditional rules specify that a principal/agency relationship requires control and "the manifestation of consent by one person to another that the other shall act on his behalf . . ., and consent by the other so to act." *Id.* at 286 (quoting RESTATEMENT (SECOND) OF AGENCY § 219(1) (1997)). Under this standard, the Plaintiff must allege facts demonstrating a principal/agent relationship between the Ludwyck Defendants, as the principal/employer, and Ms. Helm or RRCI, as agents acting on their behalf.

The United States' response to the Defendants' Motion for Judgment on the Pleadings contends that because the Ludwyck Defendants own the Rathbone and the property upon which it sits, they should be held vicariously liable for the actions of Ms. Helm and RRCI. Relying on *Jankowski Lee & Assocs. v. Cisneros*, the Plaintiff argues that mere ownership of the property implies an agency relationship under traditional vicarious liability rules. *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 896 (7th Cir.

1996) ("[o]wners of real estate may be held vicariously liable for discriminatory acts by their agents and employees.").

The problem with the Plaintiff's argument is that the Complaint simply refers to the Ludwyck Defendants as "co-owners of the Rathbone," excluding any mention of real estate ownership and lacking a description of ownership altogether.[3]  Based on this lack of information, the court cannot imply a principal/agent relationship under traditional vicarious liability rules.  First, the Complaint fails to allege that the Ludwyck Defendants controlled Ms. Helm or RRCI's actions.  Second, neither party is alleged to have consented to act on behalf of the Ludwyck Defendants.  Thus, this case is distinguishable from *Jankowski Lee & Assocs. v. Cisneros*, cited by the Plaintiff, in which the real estate owner of an apartment complex was held liable for the actions of its employees not only because of his ownership, but rather because he was the managing partner of the complex and actively involved in its operation.  *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 896.  It is also distinguishable from other 7th Circuit cases establishing agency relationships in that the Complaint fails to link the Ludwyck Defendants to Ms. Helm or RRCI's alleged discriminatory actions.  *See e.g.*, *United States v. Balistrieri*, 981 F.2d 916,

---

[3]In contrast to the Plaintiff's argument for real estate ownership, the Complaint's vagueness alternatively lends itself to a reading of corporate ownership.  Traditional vicarious liability rules do not apply to corporate entities, and are instead analyzed under an alter ego theory of liability that requires the pleadings to "fairly allege[] [that] an entity exists as the alter ego of another and provide[] factual manifestations suggesting the existence that the two operate as a single entity."*Flentye v. Katherin*, 485 F.Supp.2d 903, 913 (N.D. Ill. 2007) (quoting *Kellers Sys., Inc. v. Transport Int'l Pool, Inc.*, 172 F.Supp.2d 992, 1001 (N.D. Ill. 2001)).  Thus, it is worth stating that even if the Ludwyck Defendants are taken to be corporate owners, the Complaint fails to state a claim upon which relief may be granted because the above requirements are not met.

5

930 (7th Cir. 1992) (finding the owner of an apartment complex vicariously liable for the actions of its employees because the record revealed that the owner was in charge of the complex, was almost constantly present at the complex, dictated complex procedures, and oversaw employees directly).  Because the Complaint lacks factual allegations sufficient to raise a right to relief above the speculative level with respect to a principal/agent relationship, the Ludwyck Defendants' Motion for Judgment on the Pleadings must be granted.

**IV.     Conclusion**

For the reasons explained above, the court **GRANTS** the Ludwyck Defendant's Motion for Judgment on the Pleadings (Docket #18).

**SO ORDERED** this 15th day of July 2009.

                                  RICHARD L. YOUNG, JUDGE
                                  United States District Court
                                  Southern District of Indiana

Electronic Copies to:

Tanya Ilona Kirwan
UNITED STATES DEPARTMENT OF JUSTICE
tanya.kirwan@usdoj.gov

Gene R. Leeuw
LEEUW OBERLIES & CAMPBELL PC
gleeuw@indylegal.net

John M. Mead
LEEUW OBERLIES & CAMPBELL PC
jmead@indylegal.net

Timothy John Moran
UNITED STATES DEPARTMENT OF JUSTICE
 timothy.moran@usdoj.gov