UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cv-00174 |
| | ) | |
| RATHBONE RETIREMENT COMMUNITY, | ) | |
| INC. and NORMA HELM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT ORDER

This Consent Order resolves the allegations of the United States' Complaint that

defendants Rathbone Retirement Community, Inc. (hereinafter "RRCI") and Norma Helm

(together "Defendants"), violated the Fair Housing Act (hereinafter "FHA" or "the Act"), 42

U.S.C. §§ 3601-3619.  The case was brought pursuant to: (a) 42 U.S.C. § 3612(o) on behalf of

Jasper Spellazza and Dennis Underhill; and (b) 42 U.S.C. § 3614(a).

## I.  BACKGROUND

1.      The Rathbone Retirement Community (hereinafter "Rathbone") is a two-story

multi-family dwelling comprised of about fifty-eight studio, one-bedroom, and two-bedroom

apartments.  Each of the Rathbone's apartments is located along one of the facility's five

corridors.  Access between the Rathbone's two stories is gained by means of seven staircases and

one elevator.  The facility has numerous common use areas including a music room, a card and

game room, a physical exercise area, a coin-operated laundromat, a reception area, a library, and

a dining room.  The Rathbone is owned by Charles Ludwyck and Janet Ludwyck who are also

officers of Defendant RRCI.  At all times relevant to this action, the Rathbone was operated by

Defendant RRCI, while Defendant Norma Helm managed the day to day operations of the facility.

2.     Jasper Spellazza and Dennis Underhill are former residents of the Rathbone who, at all times relevant to the claims at issue, were substantially limited in one or more major life activities, including walking, and were "handicapped" or disabled within the meaning of 42 U.S.C. § 3602(h).  Mr. Underhill passed away in March 2009.

3.     The United States alleges that on July 1, 2007, the Defendants adopted and began enforcing a policy prohibiting the use of motorized wheelchairs and scooters in the Rathbone's common dining room during mealtimes and in all residents' apartments.  The United States further alleges that after the policy was adopted, Mr. Spellazza was evicted from the Rathbone and Mr. Underhill moved from the facility.

4.     On September 7, 2007, Mr. Spellazza filed a timely complaint with the United States Department of Housing and Urban Development (hereinafter "HUD") pursuant to the FHA, alleging discrimination on the basis of disability at the Rathbone.  Mr. Underhill filed a similar timely complaint with HUD on June 16, 2008.

5.     After an investigation, on September 25, 2008, the Secretary of HUD issued Charges of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendants with engaging in discriminatory practices in violation of 42 U.S.C. § 3604 of the Act.  After Mr. Spellazza and the Defendants timely elected to proceed in federal court, HUD referred the case to the Department of Justice for filing pursuant to 42 U.S.C. § 3612(o).  The United States filed this action on November 7, 2008.

6.     The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 42 U.S.C § 3612(o) and 42 U.S.C. § 3614(a).

7.     The Defendants deny all of the allegations of discriminatory actions, practices or policies and assert that they have never discriminated against Jasper Spellazza, Dennis Underhill, John Vezzoso or anyone else.

8.     The parties agree that, to avoid costly and protracted litigation, the claims against the Defendants should be resolved without further proceedings and an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the parties agree to the entry of this Consent Order.  This Consent Order constitutes full resolution of the claims in the United States' Complaint that the Defendants discriminated against Jasper Spellazza, Dennis Underhill, and other persons with disabilities at the Rathbone through the adoption and implementation of the policy referenced in paragraph 3.

It is hereby ORDERED, ADJUDGED and DECREED:

## II.  INJUNCTIVE RELIEF

9.     Defendants, their officers, employees, agents, representatives, successors and assigns, and all other persons in active concert or participation with them are enjoined from:

a.     Discriminating on the basis of disability as prohibited by the FHA, 42 U.S.C. §§ 3601-3619;

b.     Coercing, intimidating, threatening or interfering with any person, including Mr. Spellazza, in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed,

or on account of his/her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Act;

c.      Prohibiting residents or prospective residents of the Rathbone who use motorized wheelchairs and/or scooters from using such aids in the Rathbone's common dining room, in any other common or public use areas, or in residents' apartment; and

d.      Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a resident with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3).

### III.  DAMAGES FOR AGGRIEVED PERSONS

10.      Within sixty (60) days of entry of this Order, the Defendants shall pay a total of seventy thousand dollars ($70,000.00) in monetary damages to persons whom the United States has identified as aggrieved persons.  A list of such persons and the specific amount to be paid to each such person or the estate of each such person is attached as Appendix A.  The Defendants shall pay said money by sending to counsel for the United States a check for each identified aggrieved person or their estate, made payable to the aggrieved person or their estate for the amount listed next to their name in Appendix A.

11.      No aggrieved person or estate of an aggrieved person shall be paid until the United States has received a signed release in the form of Appendix B.  When counsel for the United States has received a check from the Defendants payable to an aggrieved person and a signed release in the form of Appendix B from that person or from the executor of their estate, counsel for the United States shall deliver the check to the aggrieved person or their estate and the original, signed release to counsel for the Defendants.

12.     Within sixty (60) days of the date of entry of this Consent Order, the Defendants shall deposit an additional sum of twenty-five thousand dollars ($25,000.00) into an interest bearing account (hereinafter "Settlement Fund") for the purpose of paying monetary damages to persons who may have been harmed by the Defendants' discriminatory policies and practices regarding persons with disabilities who use motorized wheelchairs and/or scooters (hereinafter "additional aggrieved persons").  Any interest that accrues shall become part of the Settlement Fund.  Within ten (10) days thereafter, the Defendants shall submit proof to counsel for the United States that this Settlement Fund has been established and that the funds have been deposited.

13.     Within fifteen (15) days of the date of entry of this Consent Order, the Defendants shall arrange for the publication of, and shall have published, a Notice to Potential Victims of Housing Discrimination (hereinafter "Notice"), as set out in Appendix C, as follows:

a.     The Notice shall be published on at least two (2) occasions in the Evansville Courier & Press, including at least one (1) occasion on Sunday;

b.     The Notice shall be published each time in a space measuring at least one-eighth (1/8) of a page; and

c.     Defendants shall provide a copy of the newspapers containing each such notice to counsel for the United States within ten (10) days of the dates of publication of the Notice.

14.     Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall hand deliver a copy of the Notice, Appendix C, to each current Rathbone resident.  Within ten (10) days after such copies of the Notice have been delivered, the Defendants shall provide to

counsel for the United States a signed statement attesting to the fact that they have complied with this provision of the Consent Order.

15.     Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall send, via first class mail, postage prepaid, a copy of the Notice, Appendix C, to the last known address for all former Rathbone tenants who resided at that facility between July 1, 2007, and the date of entry of this Consent Order, and to each person who submitted a rental application for residency at the Rathbone between July 1, 2007, and the date of entry of this Consent Order.  Within ten (10) days after such copies of the Notice have been mailed, the Defendants shall provide to counsel for the United States a signed statement attesting to the fact that they have complied with this provision of the Consent Order.

16.     Potential additional aggrieved persons, as described in Paragraph 12, shall have one hundred eighty (180) days from the date of entry of this Consent Order to contact the United States in response to the Notice.

17.     Nothing in this Consent Order shall prevent the United States from making any additional efforts it deems necessary to locate and provide notice to potential aggrieved persons. Upon notice to the Defendants' counsel, Defendants shall produce any records in their possession or control, or in the possession or control of their agents or employees, that the United States believes may be useful in identifying additional aggrieved persons who may be entitled to relief under this Consent Order.

18.     The United States shall investigate the claims of the potential additional aggrieved persons and, within two hundred forty (240) days of the date of entry of this Consent Order, shall make preliminary determinations of which persons are aggrieved and an appropriate

amount of damages that should be paid to each such person.  The United States will inform the Defendants, in writing, of its preliminary determinations, and will provide the Defendants with a copy of a sworn declaration from each additional aggrieved person setting forth the factual basis of their claim.  The Defendants shall have thirty (30) days from the date they receive this information to review it and provide the United States with any documents or information that they believe may refute the claim.

19.     After receiving the Defendants' documents or information, the United States shall submit its final recommendations to the Court for approval, identifying the additional aggrieved persons and an appropriate amount of damages that should be paid to each such person, together with a copy of the sworn declarations and any documents or information submitted by the Defendants.  Within ten (10) days of the date of a Court order providing for the distribution of funds to the additional aggrieved persons, the Defendants shall deliver to counsel for the United States checks payable to each of the additional aggrieved persons in the amounts approved by the Court.

20.     In no event shall the aggregate of all checks to the additional aggrieved persons exceed the sum of twenty-five thousand dollars ($25,000.00) plus accrued interest.  No additional aggrieved person shall be paid until the United States has received from that person a signed release in the form of Appendix D.

21.     When counsel for the United States has received a check from the Defendants payable to an additional aggrieved person and a signed release in the form of Appendix D from the additional aggrieved person, counsel for the United States shall deliver the check to the additional aggrieved person and the original, signed release to counsel for the Defendants.

- 7 -

22.     After the satisfaction of Paragraphs 12-21, and the expiration of the corresponding time periods, any money remaining in the Settlement Fund shall be released to Rathbone Retirement Community, Inc.

## IV.  CIVIL PENALTY

23.     Within ninety (90) days of the date of entry of this Consent Order, the Defendants shall pay the sum of twenty-one thousand dollars ($21,000.00) to the United States as a civil penalty to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C).  This payment shall be delivered to counsel for the United States in the form of a check payable to "United States Treasury."

24.     In the event that either of the Defendants engages in any future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d).

## V.  NONDISCRIMINATION POLICY

25.     The Defendants shall establish and adopt a specific written policy, the "Mobility Aids Policy," concerning nondiscrimination against persons with disabilities who use motorized wheelchairs or other mobility aids.  This policy shall include the following elements:

a.     A provision stating that housing at the Rathbone is available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex;

b.     A provision stating that residents of the Rathbone who have physical disabilities and who require the use of mobility aids such as motorized wheelchairs and scooters may use

such aids throughout the entire building including, but not limited to, the common dining room and all apartments[1];

      c.      A provision stating that Rathbone and RRCI officers, agents and employees may not require residents or prospective residents with disabilities who use motorized mobility aids to prove that they need such aids or to provide a physician's statement that such aids are necessary;

      d.      A provision stating that Rathbone and RRCI officers, agents and employees may not require residents or prospective residents with disabilities who use motorized mobility aids to prove that they can operate such aids satisfactorily;

      e.      A provision stating that the policy will be provided to all current and prospective tenants; and

      f.      A provision stating that any prospective or actual tenant who believes that the policy has been violated by the Rathbone, RRCI, their officers, agents or employees may contact the United States Department of Housing and Urban Development at 1-800-669-9777 or the United States Department of Justice at 1-800-896-7743.

      26.      Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall provide a draft copy of the Mobility Aids Policy to counsel for the United States for approval.  The United States shall respond to the Defendants' proposed Mobility Aids Policy within thirty (30) days of its receipt.  If the United States objects to any part of the Defendants' proposal, the parties shall have thirty (30) days to resolve their disagreement.  If they are unable

---

[1] Defendants may not require that persons who bring mobility aids into the common dining room eat at specified tables, but nothing in this Consent Order shall prevent Defendants from reserving seating for persons who use mobility aids.

to do so, the parties shall submit the dispute to the Court for resolution.  The Defendants shall implement the Mobility Aids Policy within ten (10) days of approval by the United States or determination by the Court and shall post and prominently display the policy in the Rathbone's reception area, common dining room, and Administrator's office.

27.     Within ten (10) days of approval by the United States or determination by the Court, the Defendants shall provide a copy of the Mobility Aids Policy to all residents of the Rathbone.  In addition, throughout the term of this Consent Order, the Defendants shall include in all rental application packets for the Rathbone, and shall provide to all Rathbone applicants and prospective applicants, a copy of the Mobility Aids Policy.

28.     Within fifteen (15) days of the date of entry of this Consent Order and throughout its term, the Defendants shall post and prominently display in the Rathbone's reception area, common dining room, and Administrator's office a sign no smaller than ten (10) by fourteen (14) inches stating that all dwellings within the Rathbone are available for rent on a nondiscriminatory basis.  A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

29.     Throughout the term of this Consent Order, the Defendants shall ensure that any new advertising for the Rathbone in newspapers, telephone directories, radio, television, the internet, or other media, and any signs, pamphlets, brochures, or other promotional literature include a fair housing logo, the phrase "equal housing opportunity provider," and/or the following sentences:

> We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

Any new advertising or promotional literature for the Rathbone that displays five (5) or more human models shall include at least one model using a motorized wheelchair or scooter.

## VI.  REASONABLE ACCOMMODATION POLICY

30.     The Defendants shall establish and adopt a specific written policy, the "Reasonable Accommodation Policy for Persons with Disabilities," for receiving and handling requests for reasonable accommodations made by Rathbone residents with disabilities.  This policy shall comply with the requirements of 42 U.S.C. §§ 3601-3619 and shall include the following elements:

a.     A provision describing where and how requests for accommodations in the Rathbone's rules, policies, practices, or services are to be accepted and processed;

b.     A provision stating that each request for a reasonable accommodation and the response thereto shall be fully documented by the Defendants;

c.     A provision stating that all requests for a reasonable accommodation shall be acknowledged, in writing, within fourteen (14) days of the Defendants' receipt of an oral or written request; however, the Defendants may reserve the right in the case of an oral request to seek written confirmation of the request;

d.     A provision stating that those requesting a reasonable accommodation shall be notified in writing of the decision regarding their request within thirty (30) days of the receipt of that request; if a request is denied, an explanation of the basis for the denial shall be included in this written notification;

e.     A provision stating that the final written decision regarding the reasonable accommodation request will be retained in the Defendants' files;

- 11 -

f.      A provision stating that the Defendants shall consider all requests for accommodations because of a disability and shall grant those requests that are reasonable within the meaning of the FHA; and

g.      A provision stating that the Defendants shall not impose any additional fees or costs, or otherwise retaliate against any person who has exercised his/her right under the FHA to make one or more reasonable accommodation requests and, if applicable, to receive a reasonable accommodation.

31.     Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall provide a draft copy of the Reasonable Accommodation Policy for Persons with Disabilities to counsel for the United States for approval.  The United States shall respond to the Defendants' proposed Reasonable Accommodation Policy for Persons with Disabilities within thirty (30) days of its receipt.  If the United States objects to any part of the Defendants' proposal, the parties shall have thirty (30) days to resolve their disagreement.  If they are unable to do so, the parties shall submit the dispute to the Court for resolution.  The Defendants shall implement the Reasonable Accommodation Policy for Persons with Disabilities policy within ten (10) days of approval by the United States or determination by the Court.

32.     The Defendants shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each current Rathbone resident and, for the duration of this Consent Order, to each new Rathbone resident within ten (10) days of the beginning of their residency.

33.     The Defendants shall keep written records of each request for reasonable accommodation they receive during the duration of this Consent Order.  These records shall

include: (a) the name, address, and telephone number of the person making the request; (b) the date upon which the request was received; (c) the nature of the request; (d) whether the request was granted or denied; and (e) if the request was denied, the reason(s) for the denial.

34.     The Defendants shall post the Reasonable Accommodation Policy for Persons with Disabilities in a conspicuous location within the Rathbone that is accessible to, or frequented by, the public, and in any other place within the Rathbone in which announcements are posted for public viewing.

35.     If the Defendants propose to change the Reasonable Accommodation Policy for Persons with Disabilities, they shall first provide counsel for the United States with a copy of the proposed changes.  If the United States does not deliver written objections to the Defendants within sixty (60) days of receiving the proposed changes, the changes may be effected.  If the United States makes any objections to the proposed changes within the sixty (60) day period, the specific changes to which the United States objects shall not be effected until the objections are resolved.

## VII.  TRAINING

36.     Within fourteen (14) days of the date of entry of this Consent Order, the Defendants shall provide a copy of the Consent Order to all Rathbone and RRCI officers, employees and agents whose duties, in whole or in part, involve the showing, renting, selling, managing or marketing of the Rathbone's apartments ("covered Rathbone employees").  For both the Defendants' Mobility Aids Policy and Reasonable Accommodation Policy for Persons with Disabilities, within fourteen (14) days of final approval of each policy, the Defendants shall provide a copy of that policy to all covered Rathbone employees.  The Defendants shall secure

signed statements conforming to Appendices E and F from each covered Rathbone employee acknowledging that he/she has received, read and understands the Consent Order, the Mobility Aids Policy and the Reasonable Accommodation Policy for Persons with Disabilities, and has had his/her questions about these documents answered.  Copies of those signed statements shall be provided to the United States in accordance with the provisions of Paragraph 39.

37.     Within ninety (90) days of the date of entry of this Consent Order, the Defendants shall provide training focused on the prohibition of disability discrimination under the FHA to Charles Ludwyck and to all covered Rathbone employees.  The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, or their officers, employees, agents, or counsel.  Any expenses associated with this training shall be borne by the Defendants.  Those who attend the training shall be required to sign a certification of completion conforming to Appendix G.  Copies of those signed certifications shall be provided to the United States in accordance with the provisions of Paragraph 39.

38.     During the term of this Consent Order, each new covered Rathbone employee shall be given a copy of this Consent Order, the Mobility Aids Policy and a copy of the Reasonable Accommodation Policy for Persons with Disabilities.  Each such new covered Rathbone employee shall sign statements conforming to Appendices E and F.  Within thirty (30) days of the date of hire of any new covered Rathbone employee, the Defendants shall provide training focused on the prohibition of disability discrimination under the FHA for the covered employee.  The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, or their officers, employees, agents, or counsel.  Any expenses associated with this training shall be borne by the Defendants.  Those who attend the

- 14 -

training shall be required to sign a certification of completion conforming to Appendix G. Copies of those signed certifications shall be provided to the United States in accordance with the provisions of Paragraph 39.

## VIII.  REPORTING AND RECORD KEEPING REQUIREMENTS

39.     Within one hundred twenty (120) days of the date of entry of this Consent Order, and thereafter on the anniversary of the entry of this Consent Order, the Defendants shall submit to counsel for the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the anniversary of this Consent Order.  The compliance report shall include: (a) the signed statements and certifications of each covered Rathbone employee referred to in paragraphs 36-38 obtained since the entry of the Consent Order or submission of the prior compliance report; (b) a copy of the then-current Reasonable Accommodation Policy for Persons with Disabilities and the then-current Mobility Aids Policy; (c) copies of any advertising for the Rathbone in newspapers, telephone directories, radio, television, the internet, or other media, and copies of any signs, pamphlets, brochures, or other promotional literature concerning the Rathbone published since submission of the prior report; and (d) photographs showing the Mobility Aids Policy described in Paragraph 25 posted and publicly displayed in Rathbone's reception area, common dining room, and Administrator's office.

40.     With respect to the rental of apartments at the Rathbone, the Defendants shall maintain the following: (a) a list of all dwelling units occupied by at least one individual who uses a motorized wheelchair and/or scooter; and (b) an "Inquiry Register" listing all persons who inquire about renting an apartment at the Rathbone.  The Inquiry Register shall contain the following information: the date of the inquiry; the name of the individual(s) who made the

inquiry; a current address and telephone number for the individual(s); a statement indicating

whether the individual(s) use(s) a motorized wheelchair, scooter, or other mobility aid; and a

signature from the person(s) inquiring about an apartment.  The top portion of the Inquiry

Register shall contain the following disclaimer:

> The following information is requested to assist the Rathbone in complying with
> the Fair Housing Act and will be kept confidential.  Indicating that you use a
> motorized wheelchair and/or scooter, or other assistive device for mobility is
> voluntary, and this information is not required in order to rent an apartment.

41.     During the term of this Consent Order, the Defendants shall notify counsel for the

United States in writing within thirty (30) days of receipt of any written or oral complaint against

RRCI, Norma Helm and/or any of the Defendants' agents or employees regarding disability

discrimination.  If the complaint is written, the Defendants shall provide a copy of it with the

notification.  The notification shall include the full details of the complaint, including the

complainant's name, address, and telephone number.  The Defendants shall also promptly

provide the United States all information it may request concerning any such complaint and shall

inform the United States in writing within fourteen (14) days of the terms of any resolution of

such a complaint.

42.     For the duration of this Consent Order, the Defendants shall preserve all records

related to this Order and/or to the Rathbone.  Such documents include, but are not limited to,

advertisements, applications, leases, resident assessment materials, tenant files, policies and

procedures, and Inquiry Registers.  Upon reasonable notice to the Defendants, representatives for

the United States shall be permitted to inspect and copy any records related to this Order and to

the Rathbone and/or inspect any covered dwelling at the Rathbone at any and all reasonable

times so as to determine compliance with the Consent Order, provided, however, that the United States shall endeavor to minimize any inconvenience to the Defendants.

43.     The United States may take steps to monitor the Defendants' compliance with the Consent Order including, but not limited to, conducting fair housing tests at the Rathbone to determine if any of the Defendants are violating any part of this Order.

## IX.  NOTIFICATION OF SALE OR TRANSFER

44.     In the event that during the term of this Consent Order, ownership of the Rathbone is transferred or sold, in whole or in part, the Defendants shall notify counsel for the United States.  The written notification shall include the identity of the potential purchaser or entity to whom ownership is being transferred.  At least thirty (30) days prior to completion of any transfer or sale of ownership of the Rathbone, the Defendants shall provide each prospective buyer written notice of this Consent Order.

## X.  SCOPE OF CONSENT ORDER

45.     The provisions of this Consent Order shall apply to the Defendants, their officers, employees, agents, assigns, successors-in-interest, and all persons in active concert or participation with them, but shall not apply to any subsequent bona fide purchaser.

## XI.  MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

46.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.  The other provisions of this Consent Order may be modified by written agreement of the parties or by motion to the Court.  If the modification is by written agreement of the parties, then such modification will be effective thirty (30) days from the date of the filing of the written agreement with the Court, and shall

remain in effect for the duration of the Consent Decree or until such time as the Court indicates through a written order that it has not approved the modification.

47.     All parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 48 below.

48.     The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by the Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by the Defendants' violation or failure to perform.

### XII.  RETENTION OF JURISDICTION

49.     This Consent Order shall be in effect for a period of two (2) years from its date of entry.  The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms after which time this case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of the Consent Decree in the interests of justice.

IT IS SO ORDERED.

This 19th day of August, 2009.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Approved as to form and substance:

For the Defendants, Rathbone Retirement          For the United States:
Community, Inc. and Norma Helm:


s/ Gene R. Leeuw                                 s/ Tanya Ilona Kirwan
GENE R. LEEUW (#8754-49)                         STEVEN H. ROSENBAUM
JOHN M. MEAD (#17459-49)                         Chief
Leeuw, Oberlies & Campbell, P.C.                 TIMOTHY J. MORAN
320 North Meridian Street, Suite 1006            Deputy Chief, Ill. Bar # 06207397
Indianapolis, IN 46204                           TANYA ILONA KIRWAN
gleeuw@indylegal.net                             Attorney, Md. Bar
jmead@indylegal.net                              Housing and Civil Enforcement Section
Telephone: (317) 684-6960                        Civil Rights Division
Facsimile: (317) 684-6961                        United States Department of Justice
                                                 950 Pennsylvania Avenue, N.W.
                                                 Northwestern Building, 7th Floor
                                                 Washington, D.C.  20530
                                                 timothy.moran@usdoj.gov
                                                 tanya.kirwan@usdoj.gov
                                                 Telephone: (202) 305-4973
                                                 Facsimile: (202) 514-1116

<u>APPENDIX A</u>
<u>Identified Aggrieved Persons and Amounts to be Paid</u>

| | |
|---|---|
| Jasper Spellazza | $30,000.00 |
| Estate of Dennis Underhill | $20,000.00 |
| John Vezzoso | $20,000.00 |
| Total | $70,000.00 |

APPENDIX B

RELEASE OF ALL CLAIMS

      In consideration for the parties' agreement to the terms of the Consent Order entered by the Court in United States v. Rathbone Ret. Cmty., Inc., Civil No. 3:08-cv-00174 (S.D. Ind.), and the Defendants' payment of $_____, pursuant to the Consent Order, I, _____ _____ [for myself or as executor of the estate of _____], hereby release and forever discharge all claims related to the facts at issue in the litigation referenced above, or in any way related to that litigation, and any other claims arising from the disability discrimination alleged in that litigation up to and including the date of execution of this release, that _____ [I or the estate] may have against either of the Defendants, Rathbone Retirement Community, Inc. and Norma Helm, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, any past and present directors, officers, agents, managers, supervisors, shareholders or employees, and their heirs, executors, administrators, successors or assigns.

      Executed this ____ day of _____, 2009.


_____

[PRINT NAME]


_____

[SIGNATURE]

<u>APPENDIX C</u>

<u>NOTICE</u>

**NOTICE TO POTENTIAL VICTIMS OF DISCRIMINATION**

On _____, 2009, the United States District Court for the Southern District of Indiana entered a Consent Order resolving a lawsuit brought by the United States against Rathbone Retirement Community, Inc., et al.  The lawsuit alleged that the Defendants violated the Fair Housing Act by prohibiting the use of motorized wheelchairs and scooters in residents' apartments at, and in the common dining room of, the Rathbone, a multi-family independent and assisted living facility for persons fifty-five years of age or older located at 1320 Southeast Second Street, Evansville, Indiana 47713.

The Consent Order also establishes a Settlement Fund to compensate persons who have been harmed as a result of this disability discrimination.  You may be qualified to recover from the Settlement Fund if you:

- were a resident of, an applicant for residency at, or a visitor to, the Rathbone;
- required the use of a motorized wheelchair or scooter at the time of your residency, application for residency, or visit; and
- received notice, written or otherwise, that the use of motorized wheelchairs and/or scooters was prohibited or restricted in any way in any part of the Rathbone.

*If you believe you fall into one of these categories and have been harmed, or if you have information about someone else who may have been discriminated against, please contact the United States Department of Justice at:* **1-800-896-7743** *and select menu option* **94**. *You may also write to:*

> ***United States Department of Justice***
> ***Civil Rights Division***
> ***Housing and Civil Enforcement Section***
> ***1800 G Street, N.W., Suite 7002***
> ***Washington, DC  20006***
> ***Attn: DJ# 175-26S-150***

**Your telephone message or letter <u>must</u> include your name, address, and, if possible, at least TWO telephone numbers where you may be reached.**

<u>APPENDIX D</u>

<u>RELEASE</u>

In consideration for the parties' agreement to the terms of the Consent Order entered by the Court in <u>United States</u> v. <u>Rathbone Ret. Cmty., Inc.</u>, Civil No. 3:08-cv-00174 (S.D. Ind.), and the Defendants' payment to me of $_____, pursuant to the Consent Order, I hereby release and forever discharge all claims related to the facts at issue in the litigation referenced above, or in any way related to that litigation, and any other claims arising from the disability discrimination alleged in that litigation up to and including the date of execution of this release, that I may have against either of the Defendants, Rathbone Retirement Community, Inc. and Norma Helm, all related entities, parents, predecessors, successors, subsidiaries, and affiliates, any past and present directors, officers, agents, managers, supervisors, shareholders or employees, and their heirs, executors, administrators, successors or assigns.

Executed this \_\_\_\_ day of _____, 20\_\_.


_____

[PRINT NAME]


_____

[SIGNATURE]

APPENDIX E

EMPLOYEE ACKNOWLEDGMENT

      I acknowledge that on _____ _____, 200__, I was provided with a copy of the Consent Order entered by the Court in United States v. Rathbone Ret. Cmty., Inc., Civil No. 3:08-cv-00174 (S.D. Ind.).  I have read and understand this document and have had my questions about this document answered.  I understand my legal responsibilities and shall comply with those responsibilities.


                                  _____
                                    [PRINT NAME]


                                  _____
                                    [SIGNATURE]

<u>APPENDIX F</u>

<u>EMPLOYEE ACKNOWLEDGMENT</u>

I acknowledge that on _____ _____, 200__, I was provided with a copy of the Reasonable Accommodation Policy and the Mobility Aids Policy of the Rathbone Retirement Community and Rathbone Retirement Community, Inc.  I have read and understand these documents and have had my questions about these documents answered.  I understand my legal responsibilities and shall comply with those responsibilities.


_____
[PRINT NAME]


_____
[SIGNATURE]

APPENDIX G

EMPLOYEE TRAINING CERTIFICATION

     I certify that on _____ ____, 200__, I received training with respect to my responsibilities under the Consent Order entered by the Court in <u>United States</u> v. <u>Rathbone Ret. Cmty., Inc.</u>, Civil No. 3:08-cv-00174 (S.D. Ind.), and the federal Fair Housing Act.  I have had the opportunity to have my questions about them answered.  I understand my legal responsibilities not to discriminate under the federal fair housing laws, including the Fair Housing Act, and shall comply with those responsibilities.


_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]